UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO TRUST CO., N.A., as Owner Trustee,<br><br>*Plaintiff*,<br><br>v.<br><br>FAST COLOMBIA S.A.S. (d/b/a VIVACOLOMBIA),<br><br>*Defendant*. | Case No.: 1:23-cv-00603<br><br>**COMPLAINT** |

**COMPLAINT**

Plaintiff, Wells Fargo Trust Company, National Association (f/k/a Wells Fargo Bank Northwest, National Association), not in its individual capacity but solely in its capacity as Owner Trustee ("Plaintiff"), by and through undersigned counsel, sues Defendant, Fast Colombia S.A.S. (d/b/a VivaColombia) ("VivaColombia") and alleges as follows:

1. This is an action for breach of contract to recover damages against VivaColombia based on its breaches of the parties' settlement agreement, which are clear and should be undisputed.

**PARTIES**

2. Wells Fargo Trust Company, National Association, is a national banking association with its designated main office located at 2389 Washington Boulevard, Ogden, Utah 84401. Wells Fargo Trust Company, National Association, brings this action not in its individual capacity, but solely in its capacity as Owner Trustee of the Aircraft MSN 1370 Trust, a Utah common law trust (the "Owner Trust") governed by the terms of that certain Third Amended and Restated Trust Agreement (MSN 1370) dated as of June 30, 2017, between SASOF III (A26)

Aviation Ireland DAC ("SASOF"), as trustor, and Wells Fargo Trust Company, National Association, in its individual capacity and as trustee thereunder.

3. VivaColombia is a Colombian corporation with its principal place of business located in Rionegro, Antioquia, Colombia. VivaColombia is an international airline in the business of leasing aircraft for use in flying passengers within Colombia and to other countries.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

5. This Court has personal jurisdiction over VivaColombia because VivaColombia consented to personal jurisdiction in the Southern District of New York with respect to the settlement agreement at issue in this matter.

6. Venue in this Court is proper under 28 U.S.C. § 1391, as the parties are subject to personal jurisdiction in this District and have contractually agreed to venue of this action in this Court.

## GENERAL ALLEGATIONS

**The Parties' Prior Dispute**

7. On December 26, 2014, Plaintiff and VivaColombia entered into the Aircraft Lease Agreement (MSN 1370) (the "Aircraft Lease Agreement"), an agreement for VivaColombia to lease one Airbus A320-200 with serial number 1370. Five years later, in 2019, VivaColombia defaulted on the Aircraft Lease Agreement by failing to pay rent.

8. On September 25, 2020, Plaintiff sued VivaColombia for its default under the Aircraft Lease Agreement. *See Wells Fargo Trust Co., N.A. v. Fast Colombia S.A.S.*, Case No.

20-CV-07984 (S.D.N.Y. 2020) (the "Prior Case").  The parties settled the Prior Case and dismissed it with prejudice in June 2021.

**The Settlement Agreement**

9. Plaintiff and VivaColombia settled the Prior Case pursuant to a Release and Settlement Agreement (the "Settlement Agreement"), dated June 3, 2021.  A true and correct copy of the Settlement Agreement is attached as **Exhibit 1**.

10. In exchange for general and specific releases of its liability, VivaColombia agreed to immediately pay Plaintiff an initial settlement amount of $250,000.00.  *See* Settlement Agreement § 3.2(a).  VivaColombia also agreed to pay a further settlement amount of $2,750,000.00 in eleven equal "Installments" of $250,000.00 each, payable in a schedule of one Installment every three months after the effective date of the settlement.  *See id* § 3.2(b).

11. In exchange for the settlement amounts, Plaintiff agreed to "forbear from seeking any payment on or enforcing any remedies with respect to this Settlement Agreement."  Settlement Agreement § 3.2(c).  However, the Settlement Agreement provides that if "any Installment is not paid within five (5) Business Days of the date when such Installment becomes due and payable . . . (i) the forbearance described in this Section 3.2(c) shall, without further act or notice, immediately terminate and no longer be of any force or effect and (ii) ***Lessee consents to entry of a court judgment against Lessee and in favor of Lessor in an amount equal to the sum of all Installments due under this Agreement and not yet paid by Lessee***."  *Id*.  The failure to pay an Installment within five business days of its due date is a "Settlement Default."  *Id*.

12. If a Settlement Default occurs, Plaintiff "shall have the option to change or accelerate the Installment Dates of any or all of the remaining Installments by written notice to" VivaColombia.  Settlement Agreement § 3.2(b).  Any past due Installment amount, as well as any

3

accelerated amount, bears interest "from and after its due date at a rate per annum of 5% (five percent)." *Id*.

13.     The Settlement Agreement also includes a prevailing party fee provision entitling Plaintiff to recover any attorneys' fees or other expenses incurred in enforcing the settlement:

> <u>Costs and Expense of Enforcement</u>. This Settlement Agreement is and may be pleaded as a full and complete defense against, and is and may be used as the basis for, an injunction against prosecution of any claim which seeks recovery or relief contrary to the terms of this Settlement Agreement. Should any Party hereto retain counsel for the purpose of restraining, enjoining, or otherwise preventing the breach of, or enforcing, this Settlement Agreement, including, without limitation, the commencement of any action or proceeding to enforce any provision hereof or thereof or to obtain (a) damages by reason of any alleged breach of any provision hereof or thereof, (b) a declaration of the rights or obligations of the other parties hereto or thereto, or (c) any other judicial remedy in connection herewith or therewith, the prevailing arty shall be entitled, in addition to such other relief as may be granted in such action or proceeding, whether at trial or an appeal, to be reimbursed by the other party for all costs and expenses incurred as a result thereof, including without limitation reasonable attorneys' fees.

Settlement Agreement § 5.7.

**VivaColombia's Repeated Defaults under the Settlement Agreement**

14.     On September 4, 2022, VivaColombia defaulted under the Settlement Agreement by failing to make the fifth Installment payment due on such date. On September 9, 2022, VivaColombia explained such failure by stating that it "has to preserve cash to survive" until a pending acquisition by Avianca S.A. *See* September 9, 2022 Email, attached as **Exhibit 2**. On September 15, 2022, Plaintiff sent VivaColombia a Notice of Default and Demand for Immediate Performance (the "First Notice of Default").[1]  A true and correct copy of the First Notice of Default is attached as **Exhibit 3**.

---

[1] Although the Notice of Default is dated September 13, 2022, it was not transmitted by email to VivaColombia until September 15, 2022.

15. The First Notice of Default explained that VivaColombia's failure to make the September 4, 2022 Installment payment within five business days of its due date was a Settlement Default as defined in the Settlement Agreement.

16. In the First Notice of Default, Plaintiff informed VivaColombia that "we exercise the option to accelerate the Installment Dates of all remaining Installments," setting a due date of September 16, 2022 for all accelerated amounts due and owing. Exhibit 3 at 2. The First Notice of Default explained that, as per the terms of the Settlement Agreement, $250,000.00 (the September Installment) had borne interest at the rate of 5% per annum since September 4, 2022. *See id*. The remaining accelerated amount—$1,500,000.00—would begin bearing interest at the rate of 5% per annum from the date of the First Notice of Default. *See id*.

17. Thus, as of September 15, 2022, when Plaintiff accelerated the amounts due under the Settlement Agreement, VivaColombia owed $1,750,376.71 to Plaintiff, with interest accruing on that full accelerated amount at the rate of 5% per annum beginning September 16, 2022.

18. Following receipt of the First Notice of Default, VivaColombia agreed to resume its obligations under the Settlement Agreement and pay—by September 26, 2022— the September Installment, plus interest, as well as $15,000.00 for legal fees that Plaintiff incurred as a result of its efforts to enforce the Settlement Agreement.

19. Accordingly, on September 23, 2022, Plaintiff sent a notice to VivaColombia rescinding the First Notice of Default, while reserving all rights (the "Rescission of First Notice of Default"). A true and correct copy of the Rescission of First Notice of Default is attached as **Exhibit 4**.

20. VivaColombia ultimately paid the September Installment (albeit two days late, on September 28, 2022). To date, however, VivaColombia has failed to pay the $15,000.00 in legal fees.

21. On December 4, 2022, VivaColombia again defaulted on the Settlement Agreement—this time by failing to make the sixth Installment payment due on such date. On December 7, 2022, VivaColombia wrote that it "need[ed] a month to sort this out" in light of the continued pendency of the acquisition by Avianca S.A. *See* December 7, 2022 Email, attached as **Exhibit 5**. On December 13, 2022, Plaintiff sent VivaColombia a Notice of Default and Demand for Immediate Performance (the "Second Notice of Default"). A true and correct copy of the Second Notice of Default is attached as **Exhibit 6**.

22. The Second Notice of Default explained that VivaColombia's failure to make the December 4, 2022 Installment payment within five business days of its due date was a Settlement Default as defined in the Settlement Agreement.

23. In the Second Notice of Default, Plaintiff informed VivaColombia that "we exercise the option to accelerate the Installment Dates of all remaining Installments," setting a due date of December 16, 2022 for all accelerated amounts and attorneys' fees due and owing. Exhibit 6 at 2. The Second Notice of Default explained that, as per the terms of the Settlement Agreement, $250,000.00 (the December Installment) had borne interest at the rate of 5% per annum since December 4, 2022. *See id*. The full accelerated amount and attorneys' fees now due and owing—$1,565,312.50—would begin bearing interest at the rate of 5% per annum from the date of the Second Notice of Default. *See id*.

24. Thus, as of December 13, 2022, when Plaintiff accelerated the amounts due under the Settlement Agreement, VivaColombia owed $1,565,312.50 to Plaintiff, with interest accruing on that full accelerated amount at the rate of 5% per annum beginning December 13, 2022.

25. To date, VivaColombia has failed to pay the outstanding amounts due under the Settlement Agreement and, accordingly, remains in default.

26. Pursuant to Section 3.2(c) of the Settlement Agreement, upon the default, VivaColombia agreed that a court judgment should be entered against it in favor of Plaintiff.

27. Plaintiff has retained undersigned counsel to prosecute this action on its behalf and is obligated to pay its attorneys' fees and costs.

28. All conditions precedent to Plaintiff's recovery have occurred, have been performed, or have been waived.

## **COUNT I**
### **(Breach of Contract)**

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28 as if fully set forth herein.

30. The Settlement Agreement is a valid, binding, and enforceable contractual agreement between Plaintiff and VivaColombia and is governed by New York law.

31. Plaintiff has fully performed all of its obligations under the terms of the Settlement Agreement.

32. To the extent that any obligations were not performed by Plaintiff, such obligations were excused by VivaColombia's breach of the Settlement Agreement.

33. As set forth above, VivaColombia failed to make the December 4 Installment payment of $250,000.00.

34. VivaColombia's failure to make such payments when due constitutes a Settlement Default and a breach of the Settlement Agreement, entitling Plaintiff to accelerate all amounts owing under the Settlement Agreement.

35. Plaintiff has accelerated all amounts owing under the Settlement Agreement. In total, VivaColombia has failed to pay the accelerated amount of $1,565,312.50 set forth in the Second Notice of Default, which amount was due no later than December 16, 2022.

36. As a direct and proximate result of VivaColombia's breaches of the Settlement Agreement, Plaintiff has suffered, and will continue to suffer, damages in an amount to be determined at trial, but not less than $1,565,312.50, plus additional interest, costs, and attorneys' fees.

37. With VivaColombia's breaches of the Settlement Agreement, VivaColombia has consented to "entry of a court judgment against [VivaColombia] and in favor of [Plaintiff] in an amount equal to the sum of all Installments due under this Agreement and not yet paid by [VivaColombia]." Settlement Agreement § 3.2(c).

WHEREFORE, Plaintiff respectfully demands judgment against Defendant VivaColombia for damages in an amount no less than $1,565,312.50 plus interest at the rate of 5% dating from December 16, 2022, as well as pre-judgment interest, taxable costs, attorneys' fees pursuant to Section 5.7 of the Settlement Agreement sued upon, and for any other relief that this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) award Plaintiff all actual, economic, consequential, lost-profits, and out-of-pocket damages sustained as a result of the VivaColombia's breaches of the Settlement

Agreement, including, without limitation, unpaid Installment payments, plus interest, in an amount to be determined at trial;

(2) award Plaintiff pre- and post-judgment interest as allowed by law;

(3) award Plaintiff reasonable attorneys' fees and costs, as well as other expenses expended in connection with VivaColombia's breach of the Settlement Agreement, as provided in the Settlement Agreement; and

(4) grant Plaintiff such other and further relief as the Court deems just and proper, together with the costs and disbursements of this action.

Dated:   January 24, 2023
         New York, New York            WHITE & CASE LLP

                            By:        *s/ Gregory M. Starner*
                                       Gregory M. Starner
                                       Jackson Herndon
                                       1221 Avenue of the Americas
                                       New York, NY 10020
                                       Telephone: 212-819-8200
                                       gstarner@whitecase.com
                                       jackson.herndon@whitecase.com

                                       *Attorneys for Plaintiff, Wells Fargo Trust Co. N.A., as Owner Trustee of the Aircraft MSN 1370 Trust.*