**WHITE & CASE**

February 22, 2023

The Honorable Paul G. Gardephe
United States District Court, Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

Re: *Wells Fargo Trust Co., N.A. as Owner Trustee v. Fast Colombia S.A.S. (d/b/a VivaColombia)*, Civil Action No. 23 Civ. 603

Dear Judge Gardephe:

We represent Plaintiff Wells Fargo Trust Company, National Association, not in its individual capacity but solely in its capacity as Owner Trustee ("Plaintiff"), and write in response to the February 15, 2023 letter submitted by Ms. Echeverri Ramirez, purportedly on behalf of Defendant Fast Colombia S.A.S. ("VivaColombia"), providing "notice of admission to a Business Recovery Proceeding" in Colombia and requesting a "suspension of proceedings." *See* ECF No. 15. As an initial matter, the "notice" is procedurally improper. To the extent VivaColombia wishes to seek some relief from the Court, it is required to file a motion pursuant to the applicable rules. In any case, the request for a "suspension of proceedings" is entirely unsupported and without merit.

First, the letter fails to explain what a "business recovery proceeding" is and what purported impact, if any, it might have on this action. Plaintiff initiated this action pursuant to the express terms of the parties' June 3, 2021 Settlement Agreement, which provides for this action to be commenced in this court in the event that VivaColombia breached the agreement, which is exactly what has occurred. Ms. Echeverri Ramirez offers no basis to disregard the parties' express agreement for Plaintiff to bring this action in this forum.

Second, although the letter appears to have been filed by an attorney from Greenberg Traurig on behalf of VivaColombia, the request is signed by Ms. Echeverri Ramirez in her capacity as a "mediator." It is not clear by what authority, if any, Ms. Echeverri Ramirez purports to represent VivaColombia or make a request on its behalf. In fact, no attorney has even filed a notice of appearance in this action on behalf of VivaColombia.

Third, Ms. Echeverri Ramirez has not identified any authority under Colombian law that provides a basis for suspending these proceedings, and we understand there is none. We further understand that the Colombian proceedings referenced in the letter do not have any extraterritorial effect, nor does Ms. Echeverri Ramirez as the "mediator" have any authority outside of Colombia to request a suspension of these proceedings.

Fourth, and most importantly, even if the "business recovery proceedings" in Colombia could be characterized as an insolvency proceeding, VivaColombia is not entitled to any type of stay of these proceedings because it has not sought recognition under Chapter 15 of the United States Bankruptcy Code. Foreign insolvency proceedings do not affect New York actions in the absence of a Chapter 15 proceeding initiated in the United States seeking recognition of such foreign proceeding. *See, e.g.*, *Pope Invs., LLC v. Pacificnet Games Ltd.*, 2013 WL 6515754, at *5 (N.Y. Sup. Ct. Dec. 11, 2013) (finding that a foreign bankruptcy order did not bar New York litigation in the absence of a Chapter 15 proceeding). Here, VivaColombia has not initiated a Chapter 15

action under the United States Bankruptcy Code to seek recognition of any foreign insolvency proceeding, and thus there is no basis to "suspend" these proceedings.

Accordingly, the request in the February 15 letter should be disregarded or denied as procedurally improper and because the letter provides no basis to suspend these proceedings.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Gregory M. Starner*

**Gregory M. Starner**

T +212 819 8200
E gstarner@whitecase.com