UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WELLS FARGO TRUST CO., N.A., as Owner Trustee,

      Plaintiff,

- against -

FAST COLOMBIA S.A.S. (doing business as VIVACOLOMBIA),

      Defendant.

**ORDER**

23 Civ. 603 (PGG) (RWL)

---

PAUL G. GARDEPHE, U.S.D.J.:

    Plaintiff Wells Fargo Trust Company – in its capacity as Owner Trustee of a Utah common law trust – filed this case against VivaColombia, seeking damages for VivaColombia's breach of a settlement agreement.

    The Amended Complaint alleges that on December 26, 2014, the parties entered into an Aircraft Lease Agreement (MSN 1370) in which VivaColombia agreed to lease an Airbus A320-200 from Plaintiff. (Am. Cmplt. (Dkt. No. 16) ¶ 7)  In 2019, VivaColombia defaulted on the Aircraft Lease Agreement. (Id.)  On September 25, 2020, Plaintiff sued VivaColombia for its default.  The parties settled the case pursuant to a Release and Settlement Agreement dated June 3, 2021. (Id. ¶¶ 8-9)  In the settlement agreement, VivaColombia agreed to immediately pay Plaintiff an initial settlement amount of $250,000, and to pay a further settlement amount of $2.75 million in eleven equal installments of $250,000 each. (Id. ¶ 10)  VivaColombia defaulted on the settlement agreement twice. (Id. ¶¶ 10-25)  In the Amended Complaint, Plaintiff seeks damages related to Defendant's breach of contract as well as an award of attorneys' fees and costs. (Id. at 8-9)

On June 8, 2023, this Court entered an order of default against Defendant, and referred this case to Magistrate Judge Robert W. Lehrburger for an inquest on damages. (Order of Default (Dkt. No. 33); Order of Reference (Dkt. No. 34)) Magistrate Judge Lehrburger has issued a Report and Recommendation ("R&R") regarding the appropriate amount of damages, as well as an appropriate award of attorneys' fees and costs. (R&R (Dkt. No. 42))

## BACKGROUND

The Complaint was filed on January 24, 2023 (Dkt. No. 1), and was amended on February 16, 2023. (Dkt. No. 16) Defendant was served with the Amended Complaint on February 22, 2023. (Dkt. No. 18) Defendant has not appeared in this action, and has not responded to the Amended Complaint in any fashion.

Plaintiff obtained a Clerk's certificate of default on March 13, 2023 (Cert. of Default (Dkt. No. 23)), and on May 18, 2023, this Court directed Defendant to show cause why a default judgment should not be entered against it. (Dkt. No. 31) Defendant did not file any opposition to Plaintiff's motion for a default judgment, and did not appear for the June 8, 2023 hearing. (Order of Default (Dkt. No. 33) at 1-2)

Following the June 8, 2023 hearing, this Court entered an order of default against Defendant, and referred this case to Judge Lehrburger for an inquest on damages. (Order of Default (Dkt. No. 33) at 2; Order of Reference (Dkt. No. 34))

On June 8, 2023, Judge Lehrburger directed Plaintiff to submit proposed findings of fact and conclusions of law and supporting documents. Judge Lehrburger instructed Plaintiff to make inquest submissions that would establish the legal and factual bases for an award of damages, costs, and attorneys' fees. (Dkt. No. 35) On July 7, 2023, Plaintiff filed (1) proposed

findings of fact and conclusions of law (Dkt. No. 39); and (2) a supporting declaration in support for its application for an award of attorneys' fees and costs. (Dkt. No. 40)

In his October 16, 2023 R&R, Judge Lehrburger concludes that no hearing is necessary, and that the inquest can properly be resolved on the submissions and prior proceedings. (R&R (Dkt. No. 42) at 8)  Judge Lehrburger recommends that this Court award Plaintiff (1) $1,565,312.50 in damages, accruing contractual interest at 5% beginning December 14, 2022; (2) attorneys' fees in the amount of $104,758.00; and (3) costs in the amount of $2,884.62. (Id. at 23)

As to damages, Judge Lehrburger finds that Defendant defaulted twice under the Settlement Agreement – on September 4, 2022 and on December 4, 2022. (Id. at 10-11 (citing Am. Cmplt. (Dkt. No. 16) at ¶¶ 17-24))  After each default, Plaintiff sent Defendant a notice of default and demand for immediate performance.  The second notice of default states that Plaintiff has accelerated all remaining payments and that, pursuant to the Settlement Agreement, interest will accrue "from and after" the due date for all outstanding amounts.  (Am. Cmplt. (Dkt. No. 16) ¶ 12, 22-23; id. at Ex. 1 (Dkt. No. 16-1) (Settlement Agreement) § 3.2(b))

Judge Lehrburger recommends that Plaintiff be awarded the outstanding amount of $1,565,312.50, with contractual interest accruing at the rate of 5% interest from December 14, 2022 – the day after transmission of the second notice of default – to the date of judgment. (R&R (Dkt. No. 42) at 10-11; Settlement Agreement § 3.2(b))

As to an award of attorneys' fees, Judge Lehrburger concludes that the nature of the case is straightforward, in that it presents merely a single claim for breach of contract.  Given the nature of the case, the magnitude of the billing rates that are sought, the fact that four partners were assigned to this straightforward breach of contract case in which the Defendant defaulted,

3

and the fact that Plaintiff has not provided any information about the experience of the lawyers who worked on the matter, Judge Lehrburger "deem[ed] it appropriate to trim the requested hourly rate[s]," and recommends reducing the amount sought of $130,947.50 by 20%, arriving at a recommended attorneys' fee award of $104,758. (R&R (Dkt. No. 42) at 19-20, 22)

As to costs, Judge Lehrburger notes that the Settlement Agreement authorizes Plaintiff to recover the costs of enforcing the agreement. (Id. at 22 (citing Settlement Agreement § 5.7)) Filing fees, transcript fees, and service expenses amount to $2,884.62, and Judge Lehrburger recommends that these costs be awarded to Plaintiff.

Judge Lehrburger directs Plaintiff to serve a copy of the R&R on Defendant (id. at 23), and Plaintiff did so on October 16, 2023, and filed proof of service on October 18, 2023. (Dkt. No. 43) The R&R makes clear that "[f]ailure to file timely objections will result in a waiver of objections and will preclude appellate review." (R&R (Dkt. No. 42) at 24) (emphasis in original omitted) No party has filed objections to the R&R.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed in response to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the

4

consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## DISCUSSION

Here, the R&R recites the requirement that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from [October 16, 2023] to file written objections to this Report and Recommendation." (R&R (Dkt. No. 42) at 23-24)  The R&R further states "[f]ailure to file timely objections will result in a waiver of objections and will preclude appellate review." (Id. at 24) (emphasis in original omitted)  Despite this clear warning, neither side has filed objections to Judge Lehrburger's R&R.

Because no party has filed objections to Judge Lehrburger's R&R, the parties have waived judicial review.  This Court has, however, reviewed Judge Lehrburger's twenty-four-page R&R and finds it to be thorough, well-reasoned, and free of any clear error.  As to the damage award, this Court agrees that Plaintiff is entitled to damages with contractual interest "to put [it] in the same economic position it would have been in had VivaColombia performed as required." (Id. at 11)  As to the attorneys' fee award, this Court also agrees with Judge Lehrburger's across-the-board percentage reduction in the requested hourly rates.  (Id. at 12-20) Finally, Plaintiff is entitled to an award of costs under the Settlement Agreement. Accordingly, Judge Lehrburger's R&R will be adopted in its entirety.

5

## **CONCLUSION**

For the reasons stated above, the R&R is adopted in its entirety. Plaintiff is awarded: (1) $1,565,312.50 in damages, with contractual interest accruing at a rate of 5% per annum from December 14, 2022 up to the time of judgment; (2) attorneys' fees in the amount of $104,758.00; and (3) costs in the amount of $2,884.62. Post-judgment interest is awarded using the federal rate set forth in 28 U.S.C. § 1961, calculated from the date the Clerk of Court enters judgment in this action until the date of payment.

The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
       December 5, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge